UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN DEWANE CAMPODONICA, | No. C 10-297 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation, | |
| Respondent. | |

## INTRODUCTION

Daren Dewane Campodonica, currently incarcerated at Calipatria State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Campodonica was convicted in Santa Clara County Superior Court of second degree murder. Sentence enhancement allegations were found true. On June 17, 2005, he was sentenced to 40 years to life in prison.

Campodonica appealed. His conviction was affirmed by the California Court of Appeal in 2007 and his petition for review was denied by the California Supreme Court in 2008. He also filed several unsuccessful habeas petitions in the California state courts. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: First, Campodonica contends that his Confrontation Clause rights were violated by use of evidence of statements of his deceased wife. In this claim, he argues that the United States Supreme Court's decision in Giles v. California, 128 S. Ct. 2678 (2008) (disapproving California Supreme Court's application of doctrine of forfeiture to extinguish confrontation claims), applies to his case on collateral review. Second, he contends that he was denied his Sixth Amendment right to effective assistance of counsel in that counsel (a) failed to conduct an adequate pretrial investigation and (b) failed to interview and call an available exculpatory witness to testify. Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **August 6, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with

the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 10, 2010**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 12, 2010

_____
Marilyn Hall Patel
United States District Judge